Opinion issued November 18, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-01128-CR

NO. 01-09-01129-CR

———————————

Ray Freeman McChristian, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 56th District Court

Galveston County, Texas



Trial Court Case Nos. 08CR3563 & 08CR3564

 



 

MEMORANDUM OPINION

          Appellant,
Ray Freeman McChristian, appeals a judgment that convicts him of tampering with
physical evidence, enhanced by two prior felony convictions, in appellate cause
number 01-09-01128-CR, which is trial court cause number 08CR3563; and a
judgment that convicts him for possession of cocaine weighing one gram or more
but less than four grams, enhanced by two prior felony convictions, in
appellate cause number 01-09-01129-CR, which is trial court cause number
08CR3564.  See Tex. Pen. Code Ann. § 37.09(a)(2) (Vernon Supp. 2010); Tex. Health & Safety Code Ann. § 481.115(a)
(Vernon 2010).  A jury found him guilty of
the offenses.  Appellant elected to have
the trial court assess punishment. 
Appellant pleaded not true to the first prior felony enhancement in both
cases, and true to the second felony enhancement in both cases.  The court found both enhancements true in
both cases and assessed punishment at 30 years’ confinement for each of the
cases.  The trial court ordered the
sentences to run concurrently.  

In five issues on appeal, appellant
contends that his trial counsel rendered ineffective assistance of
counsel.  He asserts his trial counsel’s
assistance was ineffective because counsel failed to (1) request a limiting
instruction, (2) request that the trial court conduct a Theus analysis prior to the entry into evidence of his prior
convictions, (3) request a jury instruction on the legality of the initial
traffic stop, and (4) adequately prepare him and his case for trial.  Additionally, in his fifth issue, he contends
the cumulative effect of counsel’s errors deprived him of his right to adequate
counsel.

          We
affirm.

 

 

BACKGROUND

Because appellant does not
challenge the sufficiency of the evidence, only a brief recitation of the facts
is needed.[1] Appellant’s conviction
stemmed from a traffic stop after appellant committed two traffic
violations.  Once the police officers stopped
appellant and shined a spotlight at his car, the officers noticed appellant placing
something in his mouth and immediately drinking water.  When the officers began interacting with
appellant as he still sat in his car, they asked him to stop eating and
drinking, but he refused.  Eventually,
Officer J. Durr squeezed appellant’s cheeks in an attempt to open appellant’s
mouth and commanded that appellant spit out the substance in his mouth.  Officer Durr testified that when he squeezed
appellant’s cheeks, he felt something similar to rocks in appellant’s mouth and
noticed a white substance on appellant’s lips. 
After a struggle, appellant released the contents from his mouth, which
were crack rocks in a plastic baggie. 
The officers also found other crack rocks on appellant and in his
vehicle.

When asked what his plea was for
the possession charge at arraignment, appellant stated, “I haven’t really had a
chance to discuss this with my attorney or any – any – he does not come and see me. 
And, you know, I’m not ready for no trial today.”  The court entered a not guilty plea.  Appellant replied, “Judge, I didn’t say I was
not guilty, sir.  I just said that I’m
not ready for trial today because I haven’t had a chance to discuss with my
attorney, sir.”  In response, the court
stated, “I’m sorry.  This is the third
trial setting for this case.  And I
notice that you’re out in the courtroom talking to him even today as in
previous days.”  

Appellant testified in his defense at trial.  Prior to his testimony, the court admonished
appellant about the consequences of testifying. 
On direct, appellant’s trial counsel asked whether appellant had ever
been in trouble with the law.  Appellant
replied that he had been incarcerated twice. 
Trial counsel asked if appellant knew he was under oath and asked if he
was going to tell the truth.  Appellant
responded affirmatively.  Appellant proceeded
to testify that he was inside a friend’s car when a man he knew as “Chicago”
threw cocaine in his vehicle when the police appeared at the scene.  Appellant testified that he did not commit
any traffic violations before he was stopped, that he was not trying to eat or
swallow the cocaine, and that he did not exercise any control over the
cocaine.  

Prior to cross-examining appellant, the State approached the
bench and notified the court that it wished to impeach appellant’s credibility by
asking about four prior felony convictions and his convictions for assaults
against women.  It argued to the court
that appellant opened the door to his past convictions by noting he had “been
in trouble before” and by discussing his incarceration.  The State asserted that assaults against
women constituted a crime of moral turpitude. 
Appellant’s counsel replied that he was unaware that assaults against
women were crimes of moral turpitude, but also noted that he agreed the State
was entitled to impeach appellant’s credibility.  The court allowed the State to question
appellant regarding any prior felony convictions, but regarding the assault
convictions, limited the State to questioning appellant only on assaults
against women.  The State proceeded, and
limited its cross-examination to three prior felony convictions for possession
of a controlled substance, felony theft, and robbery, and one conviction for an
assault against a woman. 

Appellant also called Tiffany McNeal, a mother of one of his
children, to testify in his defense.  McNeal
testified that she had been with appellant on the night appellant was arrested
and stated that there had been no cocaine in the vehicle.  McNeal denied ever hearing about the man
named “Chicago”.  

Appellant filed a motion for new trial, in which he asserted
that the trial court should grant him a new trial in the interest of
justice.  Appellant also asserted that
trial counsel rendered ineffective assistance because he failed to meet with
appellant prior to trial.  Furthermore, appellant
contended trial counsel failed to adequately investigate his case because
counsel did not investigate from where the cocaine originated and did not do
enough to have a particular exculpatory witness, presumably “Chicago,”
testify.  

The trial court conducted a hearing on appellant’s motion for
new trial.  Appellant introduced county jail
records that showed that trial counsel did not visit appellant at the county
jail.  Appellant introduced trial counsel’s
trial file but did not call counsel to testify. 
On direct, appellant testified about his attorney-client relationship
with counsel, highlighting what he believed were certain errors or omissions by
counsel.  He testified that trial counsel
should have had “Chicago” testify as well as another witness, Iesa Ramos, who
knew where “Chicago” might be found.  On
cross examination, appellant testified that he was aware that there were
several settings in court prior to trial, admitted counsel had met with him
multiple times at different procedural points in the case, and that after
counsel discussed with him the ramifications of testifying, it was his choice
to testify in his defense.  He further
noted that he did not know the real first or last name of “Chicago,” and that
he did not know where “Chicago” lived nor his phone number.  He noted that Ramos’s only contribution as a
witness would be to testify regarding the location of “Chicago.”  The trial court denied appellant’s motion for
new trial, and this appeal followed.

INEFFECTIVE ASSISTANCE OF COUNSEL

          Through five issues,
appellant contends that his trial counsel rendered ineffective assistance at
trial. 

 

          A. 
    Applicable Law

          The United States Supreme Court has
established a two-pronged test for determining whether there was ineffective
assistance of trial counsel.  Strickland
v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Williams v. State, 313 S.W.3d 393, 399
(Tex. App—Houston
[1st Dist.] 2009, pet. ref’d).  To
prevail on a claim of ineffective assistance of counsel under Strickland,
an appellant must show that (1) counsel’s performance fell below an objective
standard of reasonableness and (2) but for counsel’s unprofessional error,
there is a reasonable probability that the result of the proceeding would have
been different.  Strickland, 466 U.S. at 687, 694, 104 S. Ct. at 2064,
2068; Williams, 313 S.W.3d at
399.  

          The first prong of the Strickland
test requires that the defendant show that counsel’s performance fell below an
objective standard of reasonableness.  Williams,
313 S.W.3d at 399–04.  The defendant must
prove, therefore, by a preponderance of the evidence that trial counsel’s
representation objectively fell below professional standards.  Id.
at 400.  The second prong requires
the defendant to show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been
different.  Id. (citing Strickland, 466 U.S. at 694, 104 S. Ct. at
2068).  “Reasonable probability” means a “probability
sufficient to undermine confidence in the outcome.”  Id. 
A failure to make a showing under either prong defeats a claim for
ineffective assistance.  Id.

          Any allegation of ineffectiveness must
be firmly founded in the record, which must affirmatively demonstrate the
alleged ineffectiveness.  Id.  It is the appellant’s burden to prove
ineffective assistance by a preponderance of the evidence and to overcome the
strong presumption that his counsel’s conduct falls within the wide range of
reasonably professionally assistance or might reasonably be considered sound
trial strategy.  Id.  We will not speculate to find trial counsel
ineffective when the record is silent on his counsel’s reasoning or
strategy.  Id.  In
rare cases, the record can be sufficient to prove that counsel’s
performance was deficient, despite the absence of affirmative evidence of
counsel’s reasoning or strategy.  Williams, 313 S.W.3d at 400 (citing
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000)).  Such cases are limited to occasions when no
reasonable attorney could have made such a decision.  Id.

          B.      Limiting
Instruction, Theus Analysis, and Jury Instruction

Appellant first asserts his trial
counsel’s assistance was ineffective because counsel failed to (1) request a
limiting instruction, (2) request that the trial court conduct a Theus analysis prior to the entry into
evidence of his prior convictions, or (3) request a jury instruction on the
legality of the initial traffic stop.  Regarding
his first complaint, appellant asserts that trial counsel’s assistance was
ineffective because his counsel should have asked for a limiting instruction
when the State cross-examined him about his prior felony and assault
convictions.  Prior convictions involving
a felony or a crime of moral turpitude may be admissible into evidence for the
purposes of impeaching a witness if the court determines the probative value of
the evidence outweighs its prejudicial effect. 
See Tex. R. Evid. 609(a); Jackson v. State, 11 S.W.3d 336, 339 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d).  When evidence is
admissible for one purpose such as impeachment, but not all purposes, a defendant
may request a limiting instruction to restrict evidence to its proper
scope.  See Tex. R. Evid.
105(a).  A trial judge has no obligation
to submit a limiting instruction if a defendant fails to request the
instruction at the time the evidence is offered.  Williams
v. State, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) (noting failure to
request limiting instruction at time evidence is presented renders evidence
admissible for all purposes and relieves trial judge of obligation to include
instruction).  

During appellant’s testimony, appellant’s trial counsel
elicited the following testimony on direct:

Q:  Now, you’ve been in trouble before, haven’t
you?

 

[Appellant]:
Yes, sir.

 

Q:  Have you ever been to the penitentiary?

 

[Appellant]:
Yes, sir.

 

Q:
Once or more than once?

 

[Appellant]:
Twice.

 

Q:  But you understand you’re under oath here
today?

 

[Appellant]:
Yes, sir.

 

Q:  And you’re going to tell the truth?

 

[Appellant]:
Yes sir.  

 

Prior
to cross-examining appellant, the State approached the bench and notified the
court that it wished to impeach appellant’s credibility by asking about four
prior felony convictions and his convictions for assaults against women.  It argued to the court that appellant opened
the door to his past convictions by noting he had “been in trouble before” and
by discussing his incarceration.  The State
asserted that assaults against women constituted a crime of moral
turpitude.  Appellant’s counsel replied
that he was unaware that assaults against women were crimes of moral turpitude
but also noted that he agreed the State was entitled to impeach appellant’s
credibility.  The court allowed the State
to question appellant regarding any prior felony convictions, but regarding the
assault convictions, limited the State’s questioning to convictions for
assaults against women.  The State
proceeded, and limited its cross-examination to three prior felony convictions
for possession of a controlled substance, felony theft, and robbery, and one
conviction for an assault against a woman. 
Appellant’s counsel did not object and did not request a limiting
instruction at the time of the questioning or at the time the court presented
the jury charge.  The record is silent on
why appellant’s counsel chose to not request a limiting instruction.

          Although appellant filed a motion for
new trial, arguing in part that he was entitled to a new trial on the basis of
ineffective assistance of trial, appellant did not develop the record regarding
this issue, and there is nothing in the trial record to suggest why appellant’s
trial counsel chose not to request a limiting instruction.  We hold that appellant has not overcome the
strong presumption that counsel might have acted pursuant to some strategy
regarding his choice not to request a limiting instruction.  See Ex
parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001) (holding that
reviewing court may not speculate as to why trial counsel failed to request
limiting instruction when record is silent, even if court has difficulty
understanding counsel’s actions).    

          Likewise, we will not speculate as to
why trial counsel did not request that
the trial court conduct a Theus[2] analysis prior to
the entry into evidence of his prior convictions or speculate as to why counsel
did not request a jury instruction on the legality of the initial traffic
stop.  The record in this case is again silent
regarding these matters and provides no explanation of the motivation behind
counsel’s actions.  Additionally,
appellant did not elicit evidence or testimony regarding counsel’s strategy at
the motion for new trial hearing.  Based
solely on this silent record, we cannot say that no reasonable trial strategy
could justify trial counsel’s conduct.  See Martin v. State, 265 S.W.3d 435, 444–45
(Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that trial counsel did
not render ineffective assistance for not filing Theus motion when prior convictions were likely admissible and
admission of prior convictions by counsel appeared to be strategic attempt to
appear open and honest to jury and to lessen impact of any impeachment on
issue);

See also,
e.g., Tong v. State, 25 S.W.3d 707,
713–14 (Tex. Crim. App. 2000) (holding that, when record is silent as to
counsel’s strategy, counsel’s failure to object to victim impact testimony did
not constitute ineffective assistance of counsel); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)
(holding that, when record is silent as to counsel’s strategy, counsel’s
failure to object to State’s attempts to elicit hearsay testimony did not
constitute ineffective assistance of counsel). 
We hold appellant has, therefore, failed to rebut the Strickland presumption that counsel’s
conduct was strategic in not requesting a Theus
analysis or jury instruction about the legality of the initial traffic stop.  See
Thompson, 9 S.W.3d at 815; Martin,
265 S.W.3d at 444–45.

          We
overrule appellant’s first three issues.

          C.      Preparation
for Trial

          In appellant’s fourth issue,
appellant directs us to actions by trial counsel that he contends had the
effect of rendering counsel’s representation ineffective.  He asserts counsel did not adequately prepare
him and his case for trial.  Appellant further
asserts trial counsel failed to meet with him prior to trial, and that because
of this, trial counsel failed to discuss the facts of the case with him,
conduct an independent investigation of the facts, discuss the law and facts as
applied to his case, and did not timely convey the offer from the State.   He additionally asserts trial counsel was
ineffective because counsel did not come and speak with him about his case while
appellant was incarcerated.  Finally, he
asserts trial counsel’s assistance was ineffective because when he elected to
testify, he felt unprepared.

At his motion for new trial hearing, appellant raised similar
issues.  Trial counsel has a duty to make
an independent investigation of the facts of his client’s case and failure to
do so may deprive a defendant of the effective assistance of counsel.  Miranda,
993 S.W.2d at 327.  At the motion for new
trial hearing, appellant did not present an affidavit from trial counsel nor
did he call trial counsel to testify.  See Pena-Mota v. State, 986 S.W.2d 341,
346 (Tex. App.—Waco 1999, no pet.) (noting “[w]ithout testimony by trial
counsel,” appellate court cannot “meaningfully address” appellant’s allegations
of ineffective assistance).  However,
appellant testified regarding trial counsel. 
On direct questioning, appellant testified that trial counsel had spoken
with him “zero” times regarding his case. 
Appellant further testified that he had never met “at all” with counsel,
but clarified that he had met with counsel when he was at court.  He testified that counsel did not discuss
with him the facts of the case; that counsel did not have “Chicago” or another
witness, Iesa Ramos, testify; and, that he did not feel adequately prepared
when he elected to testify in his defense at trial.  Appellant noted that when he elected to
testify at trial, he did not realize that his narrative of the facts would be
an admission of one of the charges, and that he believed counsel should have
explained that fact to him before allowing him to testify.  Finally, appellant testified that when he
rejected the State’s six-year incarceration plea bargain, his counsel did not
adequately warn him that by going to trial he would face 25-years-to-life
imprisonment.

          On cross-examination, appellant
testified that counsel had met with him during pretrial settings and that,
during these meetings, counsel discussed with him the plea bargain offer.  Additionally, appellant testified that he
understood he was not required to testify, and that he decided “on his own”
that he would testify.  He further noted
that he did not know the real first or last name of “Chicago,” and that he did
not know where “Chicago” lived nor his phone number.  He noted that Ramos’s only contribution as a
witness would be to testify regarding the location of “Chicago.”   

The trial court could have disregarded appellant’s version of
the events as lacking in credibility, especially in light of appellant’s
failure to call his attorney as a witness at the motion for new hearing.  The record demonstrates that counsel was
familiar with the facts of the case, was prepared with defenses, and called a
witness to establish an alibi.  The
record shows that trial counsel was in court with appellant multiple times
before appellant was arraigned, including at one status conference, one bond
reduction hearing, four disposition settings, and three pretrial conferences.  During arraignment, the trial court noted
that appellant had met with trial counsel multiple times, and again on the day
of arraignment.  Furthermore, appellant’s
testimony at arraignment, trial, and the motion for new trial hearing, shows
that counsel discussed with appellant the State’s plea offer and range of
punishment, counsel recommended who should assess punishment, that appellant
was aware of that recommendation, that counsel discussed with appellant whether
he should testify and gave a recommendation, and that it was appellant’s choice
to testify.   

In summary, appellant has not overcome the strong presumption
that trial counsel’s strategy was reasonable from counsel’s perspective.  See
Miranda, 993 S.W.2d at 328.  The
totality of the representation, not isolated acts or omissions, forms the basis
from which to review the adequacy of counsel’s assistance.  Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).  While counsel could theoretically have
engaged in further trial preparation or could have conducted a higher caliber form
of representation, appellant is not entitled to errorless counsel.  Miranda,
993 S.W.2d at 328 (citing James v. State,
763 S.W.2d 776, 778 (Tex. Crim. App. 1989)). 
It is not the duty of this Court to weigh the potential success of the
many trial strategies available to trial counsel.  Id.
(citing Ingham v. State, 679 S.W.2d
503, 509 (Tex. Crim. App. 1984)).  Because
we find no basis for concluding that counsel did not exercise reasonable
professional judgment, appellant has not established the first prong of Strickland required to sustain a claim
of ineffectiveness.  See Miranda, 993 S.W.2d at 328 (holding that appellant failed to
establish first prong of Strickland
notwithstanding his complaints of multiple omissions and errors of counsel
including failure to conduct a proper investigation of facts in preparation for
trial); see also Hill v. State, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet.
ref’d) (holding appellant failed to demonstrate first prong of Strickland when record was silent as to
why counsel made decisions he made, including choice to not make specific
objections to evidence admitted at trial, obtain running objections on specific
evidence, file written motion to suppress, and object to comments made by prosecutor
during closing arguments).

D.      Cumulative
Effect

In his fifth issue, appellant contends the cumulative effect
of the proceeding four issues resulted in trial counsel rendering ineffective
assistance.  Our review of appellant’s
first four issues reveals no reversible error. 
Accordingly, these issues, viewed cumulatively or in the aggregate, fail
to demonstrate that counsel rendered ineffective assistance.  See
Williams, 313 S.W.3d at 400; see also
Bryant v. State, 282 S.W.3d 156, 176
(Tex. App.—Texarkana 2009, pet. ref’d) (holding that complained of errors,
including errors regarding ineffective assistance, did not reveal reversible
error when reviewed cumulatively).

CONCLUSION

          We affirm the judgment of
the trial court.                               

 

 

 

Sherry Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]           Miranda v. State, 993 S.W.2d 323, 325
(Tex. App.—Austin 1999, no pet.).   





[2]           In
Theus, the Court of Criminal Appeals
articulated a non-exclusive list of factors that courts should use to weigh the
probative value of a conviction against its prejudicial effect.  Theus
v. State, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).  These factors include (1) the impeachment
value of the prior crime, (2) the temporal proximity of the past crime relative
to the charged offense and the witness’s subsequent history, (3) the similarity
between the past crime and the charged offense, (4) the importance of the
witness’s testimony, and (5) the importance of the witness’s credibility.  Id.;
Thomas v. State, 312 S.W.3d 732, 739
(Tex. App.—Houston [1st Dist.] 2009, pet. ref’d), cert. denied, No. 10-5452, 2010 WL 2888235 (U.S. Oct. 4, 2010)).