*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## OPINION

No. 04-08-00038-CR

Timothy **MCFADDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-8679
Honorable Pat Priest, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  February 18, 2009

AFFIRMED

After the trial court denied his motion to suppress, Appellant Timothy McFadden entered

a plea of *nolo contendere* to the third degree felony possession of a controlled substance and was

placed on deferred adjudication.  McFadden now challenges the trial court's ruling on the motion

to suppress.

### FACTUAL BACKGROUND

On September 6, 2006, while on special assignment targeting drug trafficking and

weapons, San Antonio police officer Jack Neal stopped a vehicle for an obscured license plate.

Officer Neal identified the driver as McFadden and the license plate as being from Mississippi. After verifying that the vehicle was not stolen, Neal was notified that McFadden had a prior conviction for narcotics. Officer Neal asked McFadden about his prior drug history and whether he had any drugs or weapons on his person or in the vehicle. McFadden denied possessing any drugs or weapons, and Officer Neal then asked for consent to search the vehicle. McFadden consented, and as he stepped out of the vehicle, Officer Neal noticed a large knife in the vehicle. In response, Officer Neal moved McFadden and searched his person. During the pat-down search, Officer Neal found a bag of cocaine in McFadden's pocket.

## JURISDICTION

On October 29, 2007, after the trial court denied McFadden's motion to suppress based on lack of consent, McFadden entered a plea bargain agreement with the State. As part of the agreement, the State agreed to recommend four years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine in the amount of $1,500.00. Additionally, the State agreed to remain silent on the issue of McFadden's application for deferred adjudication.

As part of the plea agreement, McFadden and his counsel agreed to the following boiler-plate waiver:

> I understand that upon my plea of guilty or *nolo contendere*, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before the trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

Additionally, Judge Roman orally admonished McFadden:

> And Mr. McFadden, do you understand that I do not have to honor plea the bargain (sic) agreement; however, if I do, then you may not appeal this cause *without my permission*.

(emphasis added). McFadden's plea was accepted by the Honorable Mary Roman and, on the same day, citing Texas Rule of Appellate Procedure 25.2(a)(2)(B), Judge Roman executed the trial court certification indicating that this matter:

> is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

The certification was also signed by McFadden and his trial counsel.

On December 17, 2007, the Honorable Gus Strauss granted McFadden deferred adjudication and placed him on community supervision for a period of four years and assessed a fine in the amount of $1,500.00. The State contends, that in accordance with *Moreno v. State*, Nos. 04-07-00839-CR, 04-07-00840-CR, and 04-07-00841-CR, 2008 WL 2602123 (Tex. App.—San Antonio July 2, 2008, no pet.) (mem. op., not designated for publication), the trial court certification is incorrect in light of McFadden's waiver of his right to appeal. We disagree.

In *Moreno*, the issue was whether there was, in fact, a plea bargain. *Id*. at *1. In the present case, there is no question that there was a plea bargain documented with boilerplate language waiving the right of appeal. However, the trial court orally admonished McFadden that he would not be allowed to appeal absent her permission, and the court subsequently gave such permission the very same day. Therefore, the trial court's oral pronouncement that McFadden could appeal with her permission, and her subsequent permission via the trial court certification, control over the boilerplate language waiving the right to appeal. Accordingly, we hold McFadden properly preserved his right of appeal, and this court has jurisdiction over this cause.

*See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) ("We now hold that the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver."); *Alzarka v. State*, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (stating that the record contradicted and rebutted any presumption raised by the boilerplate waiver of appeal signed by the defendant such that the defendant did not waive his appeal).

## MOTION TO SUPPRESS

In his sole issue on appeal, McFadden claims the trial court erred in denying his motion to suppress. Specifically, McFadden criticizes his detention and subsequent search as outside the scope of the initial stop and unsupported by reasonable suspicion or probable cause. Additionally, McFadden asserts the taint of the illegal seizure had not dissipated when the consent to search was given rendering the consent ineffective.

### A. Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress using the bifurcated standard articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997); *see also Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). As such, we afford almost total deference to the trial court's express or implied determination of historical facts while reviewing the trial courts' application of the law de novo. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc). In a suppression hearing, the trial court is the sole trier of fact and the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* at 855. "[A]n appellate court may conduct a de novo review where the resolution of mixed questions of law and fact do not turn on an evaluation of credibility and demeanor." *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006) (citing *Guzman*, 955 S.W.2d at

89).  Here, just like in *Montanez*, "[t]he issue is whether, after affording almost total deference to the trial court's determination of historical facts that are supported by the record, the trial court abused its discretion by finding that the State proved by clear and convincing evidence that [McFadden] voluntarily consented to the search of the vehicle."  *Montanez*, 195 S.W.3d at 108.

## B.  Initial Stop and Reasonable Suspicion

"[E]vidence obtained by an officer . . . in violation of any provisions of the [c]onstitution or laws of the State of Texas, or of the [United States] Constitution" may not be admitted in a criminal case.  TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).  A search without a valid warrant is per se unreasonable, subject only to limited exceptions.  *Katz v. United States*, 389 U.S. 347, 357 (1967).  One exception, however, allows officers to stop and detain a person or vehicle for investigatory purposes.  *Terry v. Ohio*, 392 U.S. 1, 22 (1968).  An investigatory stop is justified if the officer can articulate specific facts from which he can reasonably surmise that the detained person is connected with a crime.  *Id.*; *Davis v. State*, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992).  A temporary detention is justified when a person commits a traffic violation in an officer's presence.  *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).

Appellant's trial counsel conceded and the evidence supports the trial court's finding that McFadden was driving a vehicle with a large plate bracket that prevented the officer's view of the name of the state on the license plate in violation of state law.  *See* TEX. TRANSP. CODE ANN. § 502.409(a)(7) (Vernon 2007) (establishing a violation if a vehicle license plate "has a coating, covering, protective material, or other apparatus that: . . . (B) alters or obscures one-half or more of the name of the state in which the vehicle is registered").  As such, the officer had probable cause to stop the vehicle.

## C.  Consent to Search

A warrantless search is a search that may be conducted after a person has given consent. *Montanez*, 195 S.W.3d at 105 (citation omitted) ("Voluntary consent to search is a well-established exception to the warrant and probable cause requirements of the Fourth Amendment to the United States Constitution.").

> The validity of a consent to search is a question of fact to be determined from all the circumstances.  The federal [C]onstitution requires the State to prove the validity of the consent by a preponderance of the evidence; the Texas Constitution requires the State to show by clear and convincing evidence that the consent was valid.  At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony.

*Rayford v. State*, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003) (citations omitted).  "Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted."  *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (footnote omitted).

Here, the trial court could have believed Officer Neal's statement that McFadden gave him oral consent to search.  As the court explained:

> The critical juncture came when [Officer Neal] had checked all those things and—and came back and asked Timothy McFadden if he could—if he could search him.  If Timothy McFadden had at that moment said, no, the officer would have had the clear duty to hand him back his driver's license and let him go on his way.
>
> But unfortunately for Timothy McFadden what he said was, yes, and he stepped out of the car.  At that moment it ceased to be a search based on probable cause and became a search based on consent.

We are not in a position to second-guess the trial court's determination in this regard.  *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

McFadden also contends that the search was tainted because the illegal stop rendered the consent inadequate.  He urges us to analyze the search using the factors set forth in *Brick v.*

*State*, 738 S.W.2d 676, 681 (Tex. Crim. App. 1987) (en banc) (remanding the case to the trial court to determine whether the arrest was legal, and if not, "whether the taint of any illegality had dissipated" under the circumstances). Because we have determined McFadden's detention was not the result of an illegal stop, the factors set forth in *Brick* are inapplicable. We, therefore, hold the trial court did not err in denying McFadden's motion to suppress.

## CONCLUSION

Because the trial court's oral pronouncement and certification that an individual has the right to appeal a pre-trial ruling controls over a defendant's previous boilerplate waiver, this court has jurisdiction over this appeal. Additionally, in deference to the trial court's position as the sole trier of fact and credibility of the witnesses, we cannot say the trial court abused its discretion in finding the initial traffic stop and subsequent search were valid. Consequently, the court did not err in denying the motion to suppress. The judgment of the trial court is, therefore, affirmed.

Rebecca Simmons, Justice

Publish