Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00652-CR

Damien **HANCOCK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-4795
Honorable Sharon MacRae, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 15, 2010

AFFIRMED

This appeal arises from Appellant Damian Hancock's conviction for possession of illegal drugs with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (d) (West 2010).  Hancock argues that: (1) the trial court erred by denying his motion to suppress; and (2) the evidence is factually insufficient to support the verdict.  We affirm the trial court's judgment.

## BACKGROUND

In December 2008, Hancock was pulled over by Officers Eddie Beltran and Leslie Levine for a broken tail light. After the officers activated their emergency lights, Hancock delayed pulling over and was looking around nervously. The officers asked Hancock to exit the car, and Officer Beltran asked Hancock for consent to search the vehicle. Hancock consented to a search for weapons, but not drugs. Officer Beltran searched the car and found a large quantity of crystal methamphetamine in a baggie inside of a "slushee" cup.

Hancock filed a motion to suppress the evidence of the drugs, claiming that there was no consent to search the car. Based on Officer Beltran's testimony, the trial court overruled Hancock's motion. The jury found Hancock guilty of the charged offense, and Hancock appeals.

## MOTION TO SUPPRESS

### A. Standard of Review

An appellate court reviews the denial of a motion to suppress under a bifurcated standard. *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010); *Amador v. State*, 221 S.W.3d 666 (Tex. Crim. App. 2007). First, almost total deference is given to the trial judge's factual determinations because the trial judge is best equipped to evaluate the credibility of the witnesses. *Valtierra*, 310 S.W.3d at 447. Second, we review de novo the application of law to the facts, and we will affirm a ruling that is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* at 447–48. If a motion to suppress is overruled based on consent, "[t]he issue is whether, after affording almost total deference to the trial court's determination of historical facts that are supported by the record, the trial court abused its discretion by finding [consent]." *McFadden v. State*, 283 S.W.3d 14, 17–18 (Tex. App.—San Antonio 2009, no pet.) (citation and internal quotes omitted).

**B.  Consent**

Evidence is inadmissible against a defendant if it was obtained in violation of the Fourth Amendment.  *See Hudson v. Michigan*, 547 U.S. 586, 591 (2006).  A search without a warrant is presumed unconstitutional, but consent to the search overcomes that presumption.  *See Georgia v. Randolph*, 547 U.S. 103, 106 (2006).  A person may limit the scope of his consent.  *Valtierra*, 310 S.W.3d at 449 (*citing Florida v. Jimeno*, 500 U.S. 248, 252 (1991)).  The validity of consent is a question of fact, but when, as in this case, "findings of fact are not entered, we must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record."  *Id.* at 447 (citations and internal quotes omitted).

Officer Beltran testified that Hancock consented to a search for weapons, but not drugs. Hancock testified on his own behalf that he never consented to a search of the car.  The trial court denied Hancock's motion to suppress, specifically referring to Officer Beltran's testimony that Hancock gave consent.  Though Hancock contradicted Officer Beltran's testimony, the trial court was "entitled to believe or disbelieve all or part of [Hancock's] testimony . . . ."  *See id.* We thus conclude that Officer Beltran's testimony, viewed in the light most favorable to the trial court's ruling, supports that Hancock consented to a search of his car for weapons.

**C.  Plain View**

Because the consent to search was limited to a search for weapons, we next consider whether Officer Beltran violated Hancock's Fourth Amendment rights because he discovered the drugs inside a slushee cup.  The State argues that the drugs were in plain view.

A search is not unreasonable under the Fourth Amendment if the three requirements of the plain view exception are met.  *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009).

"First, law enforcement officials must lawfully be where the object can be plainly viewed. Second, the incriminating character of the object in plain view must be immediately apparent to the officials. And third, the officials must have the right to access the object." *Id.* (internal citations and quotations omitted).

Officer Beltran testified that, while inside the car searching for weapons, he spotted the drugs by looking into the top of the cup. By shining his flashlight into the cup, he was able to see the drugs through the enlarged straw hole without opening or manipulating the cup in any way. Beltran testified that the cup was about three-quarters full of a blue slushee drink, which was still icy and cold, and that the oversized straw hole was "the size of a quarter." Officer Beltran also explained that he had been trained to look inside such cups for both drugs and weapons, and that it was possible for a suspect to hide a weapon in such a cup.

Officer Beltran was lawfully in the car because he had consent, even if that consent was limited to a search for weapons. The drugs were immediately apparent by looking through the lid's enlarged straw hole. The incriminating character of the drugs was also immediately apparent. Officer Beltran testified that he thought he spotted cocaine in the cup, though he later discovered it was crystal methamphetamine. Because Officer Beltran found the drugs in plain view after receiving limited consent to search Hancock's car, Hancock's first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

Hancock's second issue is that the evidence was factually insufficient to support the conviction based on his "possession" of the drugs. "'Possession' means actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (West 2010).

The Court of Criminal Appeals recently determined that there is no meaningful distinction between the factual sufficiency standard of *Clewis v. State*, 922 S.W.2d 126 (Tex.

Crim. App. 1996), and its subsequent line of cases, and the legal sufficiency standard of *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, No. PD-0210-09, 2010 WL 389413, at *1 (Tex. Crim. App. Oct. 6, 2010). Guided by *Brooks*, we now apply the *Jackson* legal sufficiency standard of review to a factual sufficiency challenge. *Id.* at *5.

Under the *Jackson* standard, an appellate court examines "all of the evidence in the light most favorable to the verdict," asking if a jury was "rationally justified in finding guilt beyond a reasonable doubt." *Id.* (citing *Jackson*, 443 U.S. at 319). We must decide whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and we must view the evidence in a light most favorable to the verdict. *Jackson*, 443 U.S. at 319; *see also Brooks*, 2010 WL 3894613, at *5.

Hancock claims that there was insufficient evidence to link him to the drugs because the car was borrowed; there was no smell of intoxicants; there was no contraband on his person; he was not under the influence; and there was no admission of ownership of the drugs. However, Officer Beltran testified at trial that Hancock "admitted to the [drug] evidence being his." Viewing Officer Beltran's testimony in a light most favorable to the verdict, a rational trier of fact could have found that the drugs were within Hancock's care, custody, control, or management. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38); *Jackson*, 443 U.S. at 319.

### CONCLUSION

We affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH