

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00446-CR

Benny **ALONZO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5317
The Honorable Angus K. McGinty, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  April 16, 2014

AFFIRMED

Appellant, Benny Alonzo, appeals his conviction for unlawful possession of a firearm by

a felon.  In two issues on appeal, appellant asserts (1) the trial court erred in denying his motion to

suppress, and (2) the evidence is legally insufficient to support his conviction.  We affirm.

### BACKGROUND

Jennifer Martz, appellant's common law wife, called police to report she and appellant

were arguing and appellant had guns inside their apartment.  Martz requested police assistance to

have the guns and appellant removed.  Officer Richard Casillas responded to the call.  Martz

answered the door when Officer Casillas arrived at the apartment. Officer Casillas asked Martz: "Where is he?" Martz responded by pointing upstairs and telling Officer Casillas: "Go get him." Martz followed Officer Casillas upstairs to her bedroom where Officer Casillas found appellant. Officer Casillas escorted appellant outside of the apartment where appellant was detained and placed in the back of the patrol car. Appellant denied any guns were inside the apartment when questioned by Officer Casillas.

At this point, Martz's testimony contradicts Officer Casillas's testimony. Officer Casillas's recollection of the events is as follows. Officer Casillas returned to Martz and asked her to consent to a search of the apartment. Martz agreed and signed a consent to search form. Officer Casillas and Martz reentered the apartment and Officer Casillas spotted a revolver on the coffee table. Officer Casillas managed to secure the firearm as Martz's young daughter reached for it. Officer Casillas then asked Martz where the remaining guns were located. Martz was unaware of the exact location, but stated: "He keeps it in a black bag." Officer Casillas returned upstairs and located a black bag a short distance from where appellant was initially found containing a second firearm along with several high-capacity magazines and ammunition.

Martz's recollection of the events, however, was somewhat different. After appellant was detained in the patrol car, Officer Casillas reentered the apartment to speak with Martz and requested to search the apartment. Martz stated she neither consented to nor refused Officer Casillas's request, indicating only that she was tired and wanted to go to sleep. Officer Casillas then told Martz he needed to search the apartment "for the safety of the kids." Officer Casillas located a revolver on the coffee table; however, Martz disputes Officer Casillas's claim that her daughter was awake and reached for the weapon. Martz stated Officer Casillas told her that because the revolver was found in plain view, he had the right to search the remainder of the apartment. Martz confirmed she told Officer Casillas the other gun was in a black bag, but stated

the bag belonged to their landlord. Martz also stated she signed the consent to search form after Officer Casillas located the firearms and claimed Officer Casillas told her she was required to sign the form because he had already searched the apartment.

The trial court held a hearing on appellant's motion to suppress the firearms. After hearing testimony from Officer Casillas, Martz, and appellant, the trial court denied appellant's motion to suppress and made the following findings of fact:

1. Prior to arriving, Officer Casillas was informed guns were inside the apartment.

2. Jennifer Martz provided verbal consent to search the apartment.

3. Jennifer Martz provided written consent to search the apartment.

4. The consent to search the apartment given by Jennifer Martz was voluntarily given.

The jury found appellant guilty of unlawful possession of a firearm by a felon. On appeal, appellant asserts the trial court erred in denying his motion to suppress because the search was conducted without a warrant and Martz's consent to search the apartment was not given voluntarily. Appellant also asserts the evidence is insufficient to support his conviction for unlawful possession of a firearm by a felon because he did not voluntarily or intentionally possess the firearms and because he did not possess the firearms for a sufficient amount of time to allow him to terminate his control.

## MOTION TO SUPPRESS

### 1. Standard of Review

A trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). An appellate court should not reverse a trial court's ruling unless it is outside the zone of reasonable disagreement. *Id*. at 440.

"In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). "When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *Id*. Such motions are reviewed under a bifurcated standard under which the trial court's "determination of historical facts and mixed questions of law and fact that rely on credibility are granted almost total deference when supported by the record." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). However, "when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor," we review under a de novo standard. *Id*.

## 2. Analysis

Appellant argues the firearms were illegally seized without a search warrant in violation of his rights under the United States Constitution, Texas Constitution, and Texas Code of Criminal Procedure. Appellant does not contest Martz's authority to consent to the search of the apartment. Rather, his argument is that Martz never consented to the search and signed the consent to search form only after Officer Casillas executed the search and told her she had to sign the form, rendering Martz's consent involuntary. The State responds the search was conducted pursuant to the voluntary consent of Martz.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *See Illinois v. Rodriguez*, 497 U.S. 177, 179 (1990); *Limon v. State*, 340 S.W.3d 753, 756 (Tex. Crim. App. 2011). Entry into a residence by a police officer constitutes a "search" for purposes of the Fourth Amendment. *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). Searches conducted by police without a warrant are presumed unreasonable "'subject only

to a few specifically established and well-delineated exceptions.'" *Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)).

Consent is a well-established exception to the Fourth Amendment's warrant requirement. *Schneckloth*, 412 U.S. at 219; *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). Consent to entry "from one who possesses common authority over premises or effects is valid as against the absent, non-consenting person with whom that authority is shared." *United States v. Matlock*, 415 U.S. 164, 170 (1974); *Welch v. State*, 93 S.W.3d 50, 52–53 (Tex. Crim. App. 2002). For consent to be valid, it must be given voluntarily, and whether consent is given voluntarily is a question of fact to be considered by the totality of the circumstances. *See Carmouche*, 10 S.W.3d at 331. The State must prove the voluntariness of a consent to search by clear and convincing evidence. *Montanez v. State*, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006).

In this case, the trial court made explicit findings of fact. The trial court found Martz provided verbal and written consent to search the apartment and such consent was voluntarily given. Martz's testimony contradicted the testimony given by Officer Casillas. Faced with contradicting versions of events from Officer Casillas and Martz, the trial court made the determination to believe Officer Casillas's testimony over Martz's testimony. Officer Casillas testified Martz voluntarily provided written consent to search the apartment, and the State produced the consent to search form signed by Martz. As the sole judge of the credibility of witnesses and weight to be given to their testimony, the trial court was free to accept or reject any or all of the witnesses' testimony, even if that testimony is not controverted. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *McFadden v. State*, 283 S.W.3d 14, 19 (Tex. App.— San Antonio 2009, no pet.). Considering all of the circumstances and giving proper deference to the trial court's findings, we hold that the totality of the circumstances supports the trial court's ruling that Martz voluntarily consented to the search.

Appellant also argues Officer Casillas's reentry into the apartment was an illegal entry that rendered Martz's consent involuntary, requiring the State to prove by clear and convincing evidence that the taint inherent in the illegality had dissipated by the time consent was given. Having upheld the trial court's finding that Officer Casillas obtained the voluntary consent of Martz before entering the apartment a second time, we conclude Officer Casillas's reentry into the apartment was not an illegal entry.

Accordingly, viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in denying appellant's motion to suppress.

SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant challenges the sufficiency of the evidence supporting his conviction for possession of a firearm by a felon. Specifically, appellant asserts the evidence is insufficient because he did not voluntarily or intentionally possess the firearms. Appellant also asserts he did not possess the firearms for a sufficient amount of time to allow him to terminate his control.

**1. Standard of Review**

In assessing the legal sufficiency of the evidence, we "consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). When viewing the evidence in the light most favorable to the verdict, "the reviewing court is required to defer to the jury's credibility and weight determination because the jury is the *sole* judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899 (quoting *Jackson*, 443 U.S. at 319) (emphasis in original). We do not ask whether we believe the evidence at trial established guilt beyond a

reasonable doubt, instead, this standard requires we defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Id.*

## 2. Analysis

To establish unlawful possession of a firearm by a felon, the State must show that the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from community supervision, whichever is later. TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). In this case, appellant stipulated to and does not challenge his felon status; rather, he argues the evidence to support the State's allegation that he possessed the firearms in question is insufficient.

Possession is defined as actual care, custody, control, or management of the item. TEX. PENAL CODE § 1.07(a)(39). For a felon to be held criminally responsible for possession of a firearm, the State must prove the felon voluntarily possessed the firearm. *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. TEX. PENAL CODE § 6.01(b); *Williams v. State*, 313 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

The State is not required to prove the accused had exclusive possession of the firearm; joint possession is sufficient to sustain a conviction. *See Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). If a firearm is not found on the defendant or is not in his exclusive possession, mere presence at the location where the firearm is found is insufficient by itself to establish possession. *See Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Williams*, 313 S.W.3d at 397. However, presence or proximity may be sufficient to establish the defendant knowingly possessed a firearm when combined with other direct or circumstantial evidence that links the defendant to the firearm. *Evans*, 202 S.W.3d at 162; *Wilson v. State*, 419 S.W.3d 582,

587 (Tex. App.—San Antonio 2013, no pet.). Examples of such links include (1) whether the firearm was in plain view, (2) whether appellant owned the place where the firearm was found, (3) whether he was in close proximity to the firearm and had ready access to it, (4) whether he attempted to flee, (5) whether his conduct indicated a consciousness of guilt, and (6) whether affirmative statements connect the defendant to the firearm. *See Williams*, 313 S.W.3d at 397–98; *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd). It is not the number of links that is dispositive, but rather the cumulative force of all the incriminating evidence. *See Evans*, 202 S.W.3d at 162. The evidence must establish that the defendant's connection with the firearm was more than fortuitous. *See id.*; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

The evidence in this case established that: (1) Martz called police and reported appellant had guns in their apartment, (2) appellant and Martz resided in the apartment and shared the bedroom, (3) the firearms in question were found inside appellant's apartment, (4) one firearm was found in plain view on a first-floor coffee table, (5) Martz told Officer Casillas appellant kept a gun in a black bag; and (6) the second firearm was found in a black bag near the bedroom where appellant was initially found. We also recognize Martz testified others may have been inside the apartment shortly before the search as well as a lack of forensic evidence, such as fingerprints or gunshot residue, linking appellant to the firearms. However, in assessing the sufficiency of the evidence we must defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Evans*, 202 S.W.3d at 164–65. Additionally, although Officer Casillas lacked personal knowledge regarding appellant's possession of the firearm, "circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

Considering all of the evidence in the light most favorable to the verdict, we conclude the jury was aware from appellant's admission that he was a convicted felon within the fifth anniversary of his release from confinement or from community supervision, and it was rational for the jury to conclude appellant possessed the firearms. The jury could have rationally concluded that appellant exercised control over the contents of his apartment, including the firearms. *See Hughes v. State*, 612 S.W.2d 581, 583 (Tex. Crim. App. 1981) (stating appellant's residence is a factor in determining possession). The jury could have also rationally linked appellant to the firearms based on Martz's statements to police along with the fact that firearms were found in the apartment. *See Hooper*, 214 S.W.3d at 16–17. Finally, the jury could have rationally concluded that appellant's proximity to the firearms, combined with all other evidence, was sufficient to affirmatively link him to the firearms. *See Jones v. State*, 338 S.W.3d 725, 742–43 (Tex. App.—Houston [1st Dist.] 2011), *aff'd,* 364 S.W.3d 854 (Tex. Crim. App. 2012) (concluding firearm in plain view found in bedroom where defendant resided sufficient for jury to conclude defendant possessed firearm); *Sutton v. State*, 328 S.W.3d 73, 78 (Tex. App.—Fort Worth 2010, no pet.) (holding evidence sufficient when firearm found in house where defendant resided); *Bates v. State*, 155 S.W.3d 212, 217–18 (Tex. App.—Dallas 2004, no pet.) (concluding evidence sufficient where witness reported defendant possessed gun subsequently recovered). Accordingly, we conclude the evidence is legally sufficient to support the jury's determination that appellant possessed the firearms.

## CONCLUSION

We conclude the trial court did not err in denying appellant's motion to suppress, and the evidence is sufficient to establish that appellant was in possession of a firearm.

Sandee Bryan Marion, Justice

Do not publish