Opinion Issued November 19, 2009







 









In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00087-CR






ALVESTER CHARLES WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1172394




 


O P I N I O N

 Appellant, Alvester Charles Williams, appeals from a judgment convicting him
for the offense of felon in possession of a firearm for which he was sentenced to 28
years in prison. See Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2009). In
four points of error, appellant contends (1) the evidence is legally insufficient, (2) the
evidence is factually insufficient, (3) the trial court erred by including peremptorily
struck venire members on the jury, and (4) appellant received ineffective assistance
of counsel. We conclude the evidence is legally and factually sufficient, appellant
failed to preserve error concerning the jurors seated on the jury, and appellant has not
shown ineffective assistance of counsel because he has failed to show a reasonable
probability that the result of the proceedings would have been different had the jurors
been removed pursuant to his peremptory strikes. We affirm.

Background

 One early morning in June 2008, appellant was riding as a passenger in his own
vehicle. His companion, Marcus Richardson, was driving when Officer Johnson of
the Houston Police Department stopped the car in north Houston for a traffic
violation. 

 After Richardson parked the vehicle in a well-lit parking lot, Officer Johnson
asked Richardson for his driver's license and insurance. When Richardson responded
that he had neither, the officer asked him to step out of the car. The officer then
noticed a pistol case on the passenger side floorboard directly under appellant's legs.

 Officer Johnson arrested appellant and Richardson for outstanding City of
Houston warrants, and placed them in his police car. During the inventory search of
the car following the arrests, Officer Johnson found temporary paper licence plates
on the car's dashboard. The plates showed appellant as the registered owner of the
car, and the vehicle identification number (VIN) on the plates matched the VIN of the
vehicle. The officer also found a pistol "underneath the passenger's seat." The
officer opined that the placement of the firearm under the seat was within easy reach
of appellant. Appellant was charged with felon in possession of a firearm because his
criminal history showed he had been convicted of felony delivery of a controlled
substance in 2007. 

 Appellant pleated not guilty to the jury. At trial, the court informed the parties
it would give them an extra peremptory strike so an alternative juror could be chosen. 
After each side questioned the jury doing voir dire, appellant's trial counsel turned
in his peremptory strike list with "defense" next to the names of 11 venire members:
1, 5, 6, 10, 13, 22, 26, 33, 38, 39, and 44. Of those jurors, venire members 1, 5, 6, 10
and 13 were selected on the jury panel. After the clerk read the names of the people
chosen for the jury, the trial judge asked if there were any objections to the jury panel
as assembled. Appellant replied, "No objection, Your Honor." The court then swore
in each of the named venire members, including venire members 1, 5, 6, 10, and 13. 
 The arresting officers and a member of the Houston Police Department's
identification division testified for the State. Appellant did not testify, but presented
the testimony of a private investigator. The jury found appellant guilty, the court
found true two punishment enhancement paragraphs, and the court determined his
sentence. 

Sufficiency of Evidence

 In his first and second points of error, appellant challenges the sufficiency of
the evidence to support the felon in possession of a firearm offense. Appellant does
not challenge the evidence relating to his prior conviction; rather, his challenge
concerns only the affirmative links between the weapon and himself. A. Legal Sufficiency Standard of Review

 In his first point of error, appellant contends the evidence is legally insufficient
to support his conviction because there are insufficient links to show that appellant
knowingly possessed the firearm. 

 In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct.
2781, 2788-89 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005); McCleksy v. State, 224 S.W.3d 405, 409 (Tex. App.--Houston [1st Dist.]
2006, pet. ref'd). In conducting our review of the legal sufficiency of the evidence,
we do not reevaluate the weight and credibility of the evidence but ensure only that
the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim.
App. 1993).

 B. Factual Sufficiency Standard of Review

 Appellant contends in his second point of error that the evidence is factually
insufficient to establish that he possessed the firearm. When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Ladd v. State, 3
S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we
cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts the
jury's verdict. Id. 

 In conducting a factual-sufficiency review, we must also discuss the evidence
that, according to the appellant, most undermines the jury's verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). A jury is in the best position to evaluate
the credibility of witnesses, and we are required to afford "due deference" to the
jury's determinations. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006). It is within the jury's province to determine witness credibility. See Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

 C. Links

 To establish unlawful possession of a firearm by a felon, the State must show
that the accused was previously convicted of a felony offense and possessed a firearm
after the conviction and before the fifth anniversary of his release from confinement
or from community supervision, parole, or mandatory supervision, whichever date is
later. Tex. Penal Code Ann. § 46.04(a)(1); James v. State, 264 S.W.3d 215, 218
(Tex. App.--Houston [1st Dist.] 2008, pet. ref'd). Possession is a voluntary act if the
possessor knowingly obtains or receives the thing possessed or is aware of his control
of the thing for a sufficient time to permit him to terminate his control. Tex. Penal
Code Ann. § 6.01(b) (Vernon 2003); James, 264 S.W.3d at 218. 

 If the firearm is not found on the defendant or is not in his exclusive
possession, the evidence must link him to the firearm. See Evans v. State, 202
S.W.3d 158, 161 (Tex. Crim. App. 2006); James, 264 S.W.3d at 218-19; Bates v.
State, 155 S.W.3d 212, 216-17 (Tex. App.--Dallas 2004, no pet.). The evidence
must establish that the defendant's connection with the contraband was more than
fortuitous. Evans, 202 S.W.3d at 161. Among the many possible factors that we may
consider to decide whether there is a link between the defendant and the contraband,
are whether: (1) the contraband was in plain view; (2) the defendant was the owner
of the vehicle in which the contraband was found; (3) the defendant was in close
proximity and had ready access to the contraband; (4) the contraband was found on
the same side of the vehicle as the defendant; (5) conduct by the defendant indicated
a consciousness of guilt, including extreme nervousness or furtive gestures; (6) the
defendant had a special connection or relationship to the contraband; (7) the place
where the contraband was found was enclosed; (8) occupants of the automobile gave
conflicting statements about relevant matters; (9) the defendant was the driver of the
vehicle in which the contraband was found; (10) contraband was found on the
defendant; (11) the defendant attempted to flee; and (12) affirmative statements
connect the defendant to the contraband, including incriminating statements made by
the defendant when arrested. James, 264 S.W.3d at 219; see also Bates, 155 S.W.3d
at 216-17; Hawkins v. State, 89 S.W.3d 674, 677 (Tex. App.--Houston [1st Dist.]
2002, pet. ref'd); Corpus v. State, 30 S.W.3d 35, 38 (Tex. App.--Houston [14th Dist.]
2000, pet. ref'd); Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.--Houston [1st
Dist.] 1994, pet. ref'd). It is not the number of links that is dispositive, but rather the
logical force of all of the evidence, direct or circumstantial. Evans, 202 S.W.3d at
162. The absence of various links does not constitute evidence of innocence to be
weighed against the links present. Hernandez v. State, 538 S.W.2d 127, 131 (Tex.
Crim. App. 1976); James, 264 S.W.3d at 219. 

 D. Analysis

 Appellant contends the evidence is insufficient because there was no evidence
that the arresting police officers saw appellant attempt to move or hide the firearm
under his seat; there was no evidence that appellant touched the firearm; there were
no fingerprints on the firearm; the firearm was not in plain view; appellant was
cooperative with the police; and appellant did not act like a person worried about
having a firearm under his seat in the presence of the police. 

 Although these are circumstances that may distance appellant from the firearm,
other circumstances are links that show he knowingly possessed the firearm. First,
although the firearm was not in plain view when the officers initially approached
appellant, the firearm's case was in plain view directly next to appellant's feet. 
Second, appellant was the owner of the vehicle in which the firearm was found. 
Third, the firearm was located within inches of appellant's legs and he, therefore, was
in close proximity and had ready access to the firearm. Fourth, the firearm was found
on the same side of the vehicle as appellant, directly under his seat.

 Viewing the evidence in a light most favorable to the jury's verdict, the
evidence links appellant to the firearm. From the totality of the circumstances, the
jury could have reasonably determined appellant knowingly possessed the gun
because the firearm's case was in plain view, appellant was the owner of the vehicle
in which the firearm was found, he was in close proximity and had ready access to the
firearm, and the firearm was found on the same side of the vehicle as appellant. We
hold the evidence is legally sufficient to prove appellant knowingly possessed the
firearm. See James, 264 S.W.3d at 220 (among other factors, evidence legally
sufficient where record showed appellant in close proximity to weapon, located
within inches of his legs and within easy reach). 

 Viewing the evidence neutrally, appellant accurately represents that no
evidence shows appellant touched the firearm, no evidence shows the firearm was in
plain view, and evidence show appellant cooperated with the police officers. Other
evidence, however, supports the jury's inference that appellant knowingly possessed
the firearm. From the totality of the evidence that the firearm's case was within plain
view next to the firearm, that appellant owned the vehicle in which the firearm was
found, that the firearm was within easy reach of appellant and at appellant's feet, and
that the firearm was found on the same side of the vehicle as appellant, the jury could
have reasonably inferred appellant knowingly possessed the firearm. We conclude
the great weight and preponderance of the evidence does not contradict the jury's
verdict, and the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust. See Watson, 204 S.W.3d at 417; Hernandez, 538 S.W.2d at 131
(holding that absence of certain links "is not evidence of appellant's innocence to be
weighed against the evidence tending to connect appellant to the [contraband]"). We
hold the evidence is factually sufficient.

 We overrule appellant's first and second points of error.


Jury Composition

 In his third point of error, appellant contends the trial court erred by seating
multiple jurors peremptorily struck by appellant. Appellant asserts he was prejudiced
because "venire [members] most contrary to the defense were seated on the jury."

 A peremptory challenge is made to a juror without assigning any reason for the
challenge. Tex. Code Crim. Proc. Ann. art. 35.14 (Vernon 2006). In non-capital,
felony cases, the State and the defendant shall each be entitled to ten peremptory
challenges. Id. art. 35.15(b) (Vernon 2006). If one or two alternate jurors are to be
impaneled, the State and the defendant shall each be entitled to one peremptory
challenge in addition to those otherwise allowed by law. Id. art. 35.15(d).

 It is the responsibility of the parties to assure that a venire member who has
been peremptorily challenged is not impaneled. See Miller v. State, 692 S.W.2d 88,
93 n.10 (Tex. Crim. App. 1985) ("should clerk misread names . . . it is defendant's
responsibility to alert trial court to problem before jury is sworn; otherwise he may
lose his peremptory strike"); see also Biagas v. State, 177 S.W.3d 161, 169 (Tex.
App.--Houston [1st Dist.] 2005, pet. ref'd). Before the jury panel is sworn, a party
should object to a peremptorily challenged juror being impaneled on the jury. Miller,
692 S.W.2d at 93 n.10; Acosta v. State, 522 S.W.2d 528, 529-30 (Tex. Crim. App.
1975).

 Appellant did not object at any point during trial to the composition of the jury
as impaneled. Therefore, any error in the seating of the jurors is waived. See Miller,
692 S.W.2d at 93 n.10. 

 We overrule appellant's third point of error.

Ineffective Assistance of Counsel

 In his fourth point of error, appellant contends his trial counsel's representation
was ineffective because counsel failed to object to the inclusion on the jury of five
venire members, numbers 1, 5, 6, 10, and 13, whom he peremptorily challenged. 
Appellant asserts that because of his trial counsel's ineffective assistance, those
venire members "most contrary to the defense were seated on the jury," resulting in
the State proceeding with "a jury stacked in her favor." 

 A. Applicable Law

 The United States Supreme Court has established a two-pronged test for
determining whether there was ineffective assistance of trial counsel. Strickland v.
Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). To prevail
on a claim of ineffective assistance of counsel under Strickland, an appellant must
show that (1) counsel's performance fell below an objective standard of
reasonableness and (2) but for counsel's unprofessional error, there is a reasonable
probability that the result of the proceeding would have been different. Id.; Andrews
v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). 

 The first prong of the Strickland test requires that the defendant show that
counsel's performance fell below an objective standard of reasonableness. Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must prove,
therefore, by a preponderance of the evidence that trial counsel's representation
objectively fell below professional standards. Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002). The second prong requires the defendant to show a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; Thompson, 9 S.W.3d at 812. "Reasonable probability" means a "probability
sufficient to undermine confidence in the outcome." Id. A failure to make a showing
under either prong defeats a claim for ineffective assistance. Rylander v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003). (1)

 Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Id. at 813 (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The appellant
must prove ineffective assistance by a preponderance of the evidence and must
overcome the strong presumption that his counsel's conduct falls within the wide
range of reasonably professionally assistance or might reasonably be considered
sound trial strategy. Robertson v. State, 187 S.W.3d 475, 482-83 (Tex. Crim. App.
2006). We will not speculate to find trial counsel ineffective when the record is silent
on his counsel's reasoning or strategy. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston
[1st Dist.] 1996, no pet.). In rare cases, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative evidence of
counsel's reasoning or strategy. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000). Such cases are limited to occasions where no reasonable attorney
could have made such a decision. Weaver v. State, 265 S.W.3d 523, 538 (Tex.
App.--Houston [1st Dist.] 2008, pet. ref'd).

 B. Strickland's First Prong is Established

 Appellant's trial counsel's performance was deficient because he failed to
object when the trial court named the five venire members to the jury that he
peremptorily struck. Peremptorily striking multiple venire members, and then not
objecting when those venire members are sworn in as jurors, is not a reasonable
strategic choice. See State v. Kelley, 20 S.W.3d 147, 155 (Tex. App.--Texarkana
2000, no pet.) (holding "there can be no doubt that under first prong of Strickland
test, trial counsel's performance was deficient in failing to object to seating of
stricken juror"). Because there could be no reasonable strategy in peremptorily
striking multiple venire members and then failing to object to their inclusion on the
jury, we conclude appellant's counsel's performance was deficient under the first
prong of Strickland. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson,
9 S.W.3d at 812.

 C. Strickland's Second Prong Not Established

 Having found deficient performance, we must next analyze whether appellant
was harmed by the deficiency. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; 
Johnson, 169 S.W.3d at 235. To satisfy the second prong of the Strickland test,
appellant must show a reasonable probability that a different result would have
occurred but for his trial counsel's ineffective assistance. To show that a different
result would have occurred, appellant needs to show some evidence that the struck
jurors were otherwise disqualified. Kelley, 20 S.W.3d at 155 (citing Acosta, 522
S.W.2d at 530).

 1. Voir Dire Responses of Venire Members 1, 5, 6, 10, and 13

 

 Each of the five venire members agreed they would presume appellant innocent
and ensure the State proves each element of the offense beyond a reasonable doubt. 
The five venire members also responded affirmatively that they would not hold it
against appellant if he did not testify at trial. Finally, each venire member agreed that
they could be fair and decide the case on the merits. 

 None of the five venire members stated they owned a gun, but none of them
believed guns should be outlawed altogether. When asked whether any of venire
members were former police officers or had a relative or friend who was a police
officer, number 13 replied that he "had several close friends in the Austin Police
Department." Of the five venire members, the only one challenged for cause by
appellant was number 13.

 We note that, although the trial court determined appellant's sentence, each of
the five venire members made statements concerning punishment during voir dire.
The five venire members affirmatively answered that they could consider the full
range of punishment, and when the State asked each venire member's opinion on
whether they preferred punishment or rehabilitation for a "hypothetical crime" in a
"hypothetical state," all five venire members responded "[p]unishment," except
number 5 who responded "[r]ehabilitation." 

 2. Challenge for Cause on Venire Member Number 13

 Appellant contends that venire member number 13 was disqualified because
he stated he might give more credibility to a police officer based on the officer's
training and experience. The judge questioned number 13 individually in response
to appellant's challenge for cause. The judge asked,

You said earlier in response [you would] give more credibility to a
police officer simply by the virtue of the fact he's a police officer and
for no other reason. I asked then is it because of his training and
experience or just because of his uniform? You tell me, which is it?

 

Venire member number 13 responded, "I'd say training and experience." The judge
then denied appellant's challenge for cause. A few moments later, appellant again
discussed challenging number 13 for cause. The judge responded, 

Your challenge would be denied. It appears to me that he is basing his
statement that he would give a police officer more credibility based on
his training and experience, which would be true of anyone with a
certain amount of expertise in whatever area of expertise they may find
themselves; not simply because he has a badge. Venire member number 13 was not statutorily disqualified from jury service,
did not demonstrate bias, and was not otherwise subject to challenge for cause. 
Furthermore, the record shows number 13 said he would be fair and impartial and
would decide the case on the merits. Venire member number 13 was qualified to
serve on the jury. See Harris v. State, 784 S.W.2d 5, 21 (Tex. Crim. App. 1989)
(finding venire member qualified to serve after venire member stated he would tend
to give more weight to police officer's testimony than to another witness's testimony,
but also stated he could be fair and decide case on merits).

 

 3. Application of Strickland's Second Prong

 Appellant has failed to show a reasonable probability that a different result
would have occurred had the trial court excluded venire members 1, 5, 6, 10, and 13. 
The record does not show why appellant's trial counsel chose to use peremptory
strikes on these jurors. Appellant has not presented any evidence that the struck
venire members were unqualified to render a fair verdict. See Kelley, 20 S.W.3d at
155. In reviewing the record, we presume that jurors are qualified absent some
indication in the record to the contrary. See Ford v. State, 73 S.W.3d 923, 925 (Tex.
Crim. App. 2002). The record supports the presumption that venire members 1, 5, 6,
10, and 13, were qualified to serve as jurors. See id. Appellant has neither alleged
nor shown any evidence in the record demonstrating that his trial counsel's error
deprived him of a jury comprised of qualified and impartial individuals. See id. 

 Appellant suggests that because four of the five venire members said they
favored punishment over rehabilitation for a hypothetical crime, the seating of these
jurors resulted in a jury more favorable to the State. The jury's statements concerning
feelings about punishment, however, do not show the jury leaned toward the State in
the guilt phase of trial, and were immaterial to the punishment phase of the trial
because the trial court sentenced appellant, not the jury. 

 Furthermore, appellant has not shown any evidence that a properly constructed
jury would have reached a different result. There was substantial evidence that
demonstrated appellant was in possession of a firearm. The evidence showed that
appellant was within close proximity to the firearm, which was located within inches
of his legs, within easy reach, and next to the firearm's case, which was in plain view
in appellant's car. 

 We conclude appellant has failed to show a different result would have been
reached if the trial court had not impaneled venire members 1, 5, 6, 10, and 13. See
id.; cf. Batiste v. State, 834 S.W.2d 460, 466 (Tex. App.--Houston [14th Dist.], 1992)
(determining that appellant's evidence that his trial counsel failed to make timely
Batson objection, which changed racial composition of jury, did not demonstrate
prejudice because there was no evidence that properly constructed jury would have
reached different result), aff'd, 888 S.W.2d 9, 10, 15 (Tex. Crim. App. 1994) (holding
appellant did not meet second prong of Strickland because appellant failed to show
proceedings would have been different if struck venire member had served, and
change in jury composition does not so invariably detract from fairness of trial as to
justify exempting trial counsel's error from the "prejudice" prong of Strickland). 
Appellant has failed to show that but for counsel's unprofessional errors, the result
of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068; Thompson, 9 S.W.3d at 812. We hold appellant has failed to establish
the second required prong for establishing ineffective assistance of counsel.

 We overrule appellant's fourth point of error. 

Conclusion

 We affirm the judgment of the trial court.


 


 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Publish. Tex. R. App. P. 47.2(b).












 
1. We note that appellant does not assert that his trial counsel committed a structural error by
being so ineffective that counsel's errors were in essence a "total deprivation of counsel at
trial." See Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). The Court of
Criminal Appeals states, "In Johnson v. United States, the [United States] Supreme Court
set forth its most recent list of structural errors: the total deprivation of counsel at trial, lack
of an impartial trial judge, the unlawful exclusion of members of the defendant's race from
a grand jury, the denial of the right to self-representation at trial, the denial of the right to
public trial, and an instruction that erroneously lowers the burden of proof for conviction
below the 'beyond a reasonable doubt' standard." Id. (citing Johnson v. United States, 520
U.S. 461, 468-69, 117 S. Ct. 1544, 1549 (1997). A harm analysis would not apply to
complete deprivation of counsel. Id. at 229 (citing United States v. Cronic, 466 U.S. 648,
659, 104 S. Ct. 2039, 2047 (1984) (complete denial of counsel is "if counsel entirely fails to
subject the prosecutions's case to meaningful adversarial testing")).