Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00117-CR & 11-10-00118-CR 

                                                    __________

 

                         DENISE
CAROLYN WILLIAMS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Nolan
County, Texas

 

                                             Trial Court
Cause Nos. 10758 & 10843

 



 

M
E M O R A N D U M   O P I N I O N

Denise
Carolyn Williams appeals her convictions for possession of cocaine with intent
to deliver, in one case, an amount more than four grams but less than 200 grams
and, in the other case, an amount more than one gram but less than four grams. 
Following her open plea of guilty to the court in both cases, the trial court
assessed her punishment at forty years confinement in the Texas Department of
Criminal Justice, Institutional Division, in the case involving the greater
amount of cocaine and at fifteen years confinement in the other case, with the
sentences to be served concurrently.  In a single issue applying to both cases
individually, Williams contends that the trial court abused its discretion in
overruling her motion for new trial.  We affirm.

 A
claim of ineffective assistance of counsel may be raised in a motion for new
trial.  Smith v. State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009).  A
denial of a motion for new trial is reviewed under an “abuse of discretion”
standard.  Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  A
trial court abuses its discretion in denying a motion for new trial only when
no reasonable view of the record could support the trial court’s ruling.  Charles
v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  

To
prevail on a claim of ineffective assistance of counsel, the defendant must
prove that (1) counsel’s performance fell below an objective standard of
reasonableness and (2) but for counsel’s unprofessional error, there is a
reasonable probability that the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).   In
order to establish the first prong of Strickland, the defendant must
prove by a preponderance of the evidence that trial counsel’s representation
fell below professional standards.  Willliams v. State, 313 S.W.3d 393,
400 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).  

Either
party may suggest by motion, or the trial court may suggest on its own motion,
that the defendant may be incompetent to stand trial.  Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon 2006).  On
suggestion that the defendant may be incompetent to stand trial, the court
shall determine by informal inquiry whether there is some evidence from any
source that would support a finding that the defendant may be incompetent to
stand trial.  Id.  If a trial court has a bona fide doubt about the
competency of the defendant, he or she shall conduct an informal inquiry to
determine if there is evidence that would support a finding of incompetence.  A
bona fide doubt may exist if the defendant exhibits truly bizarre behavior or
has a recent history of severe mental illness or at least moderate mental
retardation.  Montoya v. State, 291 S.W.3d 420, 425 (Tex. Crim. App.
2009).   

At
a bond hearing on August 4, 2009, after Williams’s arrest but before she
entered her plea, a hearing was had with respect to whether her bond should be
raised.  Nothing in Williams’s testimony at that hearing would have been such
as to give any notice to her counsel that she required a competency hearing. 
She appeared to fully understand what the hearing was about and answered
questions coherently as posed by the State and by her counsel.

Williams
entered her plea on January 22, 2010.  Throughout the admonishments and her own
testimony, she was coherent and appeared to understand the proceedings.  There
is nothing she said or did during that proceeding that would have given rise to
a question about her competence to stand trial.

Williams
was sentenced at a hearing held on February 8, 2010.  During her testimony at
that hearing, Williams was coherent and said or did nothing that would have
given rise to a question about her competence to stand trial.

At
the hearing on her motion for new trial, Williams testified that her highest
grade of education was third grade because she had been hit by a truck.  She
indicated she could not read or write.  She said her lawyer never asked her
about any mental issue or handicap and that she did not tell him about any for
that reason.  She indicated that he never had her seen by any mental health
professional.  She asserted that she entered an open plea because her lawyer
thought it was a good thing to do.  She stated that she did not know what a
presentence investigation report was.  She testified that she told the
probation officer she had been to an MHMR facility.

Williams
testified that she did not know if she had received an offer for twenty years. 
She said she had not understood the plea admonishments and had answered that
she did because her attorney had told her to say, “Yes.”  She acknowledged that
she had not raised any competency issue with the court, such as having been
treated by MHMR, but indicated that she did not know that she could.  She
indicated that she could not remember several past court appearances.

Samuel
Dellus Darnall, Williams’s trial attorney, testified that he had an
undergraduate degree in psychology and that, between undergraduate school and
law school, he had worked as a drug and alcohol counselor at the Abilene
Regional Council on Alcohol and Drug Abuse.  He related that he was
subsequently employed by MHMR as a counselor in its substance abuse facility. 
He said that his employment with MHMR entailed screening and diagnosis of
clients, including some who had both substance abuse and mental health issues. 
He indicated that he had the education, training, and experience to make
assessments of people as to whether they had mental deficiencies, as well as
drug and alcohol dependency.

Darnall
testified that Williams was able to articulate to him her arrest in 2007, the events
that transpired, her interaction with the officers, and her understanding of
the case.  He said her understanding of what happened was very similar to the
police report.  He said that her memory of a 2008 undercover buy was less
specific but that she remembered such facts as coming back from Houston, having
the drugs, and making them available.

Darnall
insisted that Williams understood the range of punishment and the charges
against her.  He said she remembered the facts of the cases, including some
older cases.  He stated she had told him she had an eighth grade education,
which none of her family members ever disputed.  He indicated that, when making
payments to him, she showed she understood her family finances and said things
that indicated that she was the matriarch of her family.

Darnall
indicated that Williams asked appropriate questions during their discussions,
asking what the facts were and what the police had.  He said she remembered
talking to the police and, with respect to arrests in 2007 and 2009, remembered
facts that happened in order.   He said she could work a complicated cell
phone.  He noted that she seemed to have an understanding of her life and
business.  He insisted that he believed she knew the difference between a
35-year offer and a 20-year offer and that she was never offered probation.

On
cross-examination, Darnall acknowledged that he had never discussed his
client’s experience with MHMR with the trial court.  He also acknowledged that
he was not licensed to diagnose anyone with MHMR issues other than those
involving alcohol and drug abuse.  He also acknowledged that he did not have a
doctorate in psychology.

Darnall
said that he knew Williams had difficulty with reading and writing.  He
testified that she told him that she had gone to MHMR for depression following
her mother’s death.   Darnall acknowledged that he had never contacted the
probation department to find out if the department had referred Williams to a
professional.  He acknowledged that he was aware that the box in the
presentence investigation report showing that Williams had a physical, mental,
or medical impairment was checked and that the report also showed that a
psychological evaluation of the defendant had not been prepared.  Darnall also
insisted that Williams told him she had not been diagnosed as retarded.

Darnall
testified that he did not believe he had ever instructed Williams to follow his
lead with respect to answering the trial court’s questions.  He said that,
while he told her she would be asked to answer questions, he did not prepare
her answers.  Darnall again acknowledged that he had not, during sentencing,
brought any potential MHMR issue to the trial court’s attention.  He indicated
that a potential mental health issue did not always mean a competency hearing
was necessary but that it was a matter to be decided on a case-by-case basis.

Darnall
clarified that Williams’s mental health issue was depression, grief, and
anxiety over the death of her mother.  He indicated that he had brought that
matter before the court at the sentencing hearing.  He said he was aware that
the disability payment she was receiving was because of her difficulty
walking.  Darnall denied that he had seen any mental impairment.  He noted that,
in all of her numerous court appearances over the years, her competency had never
been questioned.

Darnall
testified that he believed Williams knew the charges against her in both cases
and that she was able to assist with the defense.  He said she understood the
range of punishment,  understood that probation was not the same as twenty
years in prison, understood that twenty years was less than thirty-five or thirty
years in prison, and understood the difference between sentences running
concurrently versus those running consecutively.

The
trial court noted at the hearing that it had the opportunity to observe
Williams in court on numerous occasions and that she functioned at a high rate
of capacity and was very much competent.

We
hold that Williams failed to show that Darnall’s performance fell below an
objective standard of reasonableness.  Williams referred to Darnall’s knowledge
of her difficulty reading and writing and his knowledge that her IQ was not
normal.  Despite any deficiency Williams might have had with reading and
writing, the evidence established that such deficiency did not appear to
interfere with her ability to know what the facts and issues were in her case
or prevent her from working with her attorney in her defense.  While Darnall
testified that he was not there to testify that Williams had the IQ of a normal
person, he did not state whether he thought her IQ was higher or lower than a
normal person.  In any event, whatever her IQ was, there was nothing to
indicate that the level of her intellectual capacity in any way interfered with
her understanding of the issues in this case or interfered with her being able
to work with her attorney on her defense.  We conclude that Darnall did not
have facts that would lead the trial court to have a bona fide doubt as
to Williams’s competency.

Williams
also questions Darnall’s failure to call a witness or witnesses at the
sentencing hearing regarding Williams’s psychological issues or her past
treatment by MHMR.  Darnall testified that he did not do that because of trial
strategy involved in trying to get probation.  When he began to speak about the
strategy, Williams’s counsel interrupted him and went on to a different line of
questioning.  Williams did testify at the hearing that her mother had died in
2008 and that she was lost and depressed after that.  Inasmuch as Williams’s
only psychological issues and treatment by MHMR had to do with depression and
anxiety resulting from her mother’s death, Darnall might have reasonably
thought that it had no relevance to the issue of probation or that it might
have had a detrimental effect in his effort to obtain probation.  In any event,
we are unable to conclude that Darnall’s failure to call such witnesses caused
his representation to fall below an objective standard of reasonableness. 
Consequently, we hold that a reasonable view of the record could support the
trial court’s ruling.  Therefore, we hold that the trial court did not abuse
its discretion in denying Williams’s motion for new trial.  We overrule her
sole issue in each appeal.

            The
judgments of the trial court are affirmed.

 

                                                                                    PER
CURIAM

 

August 31, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.