**Affirmed and Memorandum Opinion filed December 3, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01035-CR

**JAMEL BENARD BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1324208**

## M E M O R A N D U M   O P I N I O N

Jamel Benard Brown appeals his conviction for unlawful possession of a firearm.[1]  Appellant contends that the evidence presented at trial is legally insufficient to affirmatively link him to the firearm.  We affirm.

### Background

The Houston Police Department executed a search warrant for appellant's

---

[1] *See* Tex. Penal Code Ann. § 46.04(a) (Vernon 2011).

residence and an arrest warrant for a man named "Jamail" on October 20, 2011. The warrant was based upon a tip from a confidential informant, who said he had seen marijuana and two semi-automatic handguns at appellant's residence the day before the warrant was executed. Police entered the home by removing the burglar bars, breaking down the front door with a battering ram, and deploying a noise-flash diversion device.

Appellant was the only individual inside the residence. The police ordered appellant to the ground and placed him under arrest. Police searched the residence and found a fully loaded semi-automatic assault rifle in an upstairs attic located directly above the hallway where appellant was apprehended. Police did not find handguns or marijuana in the home.

Police also discovered bottles in the kitchen and on the roof of the outside patio containing a substance believed to be P.C.P.[2] In addition, police found surveillance cameras on the outside of the home and a large amount of cash in appellant's bedroom. Police also recovered mail inside the home addressed to appellant.

Appellant was indicted on October 20, 2011, and charged with unlawful possession of a firearm by a felon. At trial, appellant stipulated that he had been convicted of the felony offense of possession of a controlled substance on January 11, 2010. A jury found appellant guilty of unlawful possession of a firearm by a felon. The trial court sentenced appellant to five years' confinement. This appeal followed.

---

[2] Officer Goines testified that the substance looked and smelled like P.C.P. but later tested negative for the drug. Officer Goines also testified that a simulated substance is a substance that looks and smells like a type of drug but does not necessarily cause the same side effects. Individuals sometimes pass off a simulated substance as a more serious drug to make a profit.

**Analysis**

In his sole issue on appeal, appellant contends that the evidence introduced at trial is legally insufficient to support his conviction because it fails to demonstrate that appellant possessed the firearm.

## I.  Standard of Review

In assessing legal sufficiency, we review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).  We defer to the jury's role as the sole judge of the weight of the evidence and credibility of any witness.  *See Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

## II.  Legal Sufficiency of the Evidence

To prove unlawful possession of a firearm by a felon, the State must show that the defendant possessed a firearm after having been convicted of a felony and before the fifth anniversary of defendant's release from confinement.  *See* Tex. Penal Code Ann. § 46.04(a)(1) (Vernon 2011).  Possession is defined as "actual care, custody, control, or management."  *Id.* § 1.07(a)(39) (Vernon Supp. 2013).  A person commits a possession offense only if he voluntarily possesses the prohibited item.  *Id.* § 6.01(a) (Vernon 2011).  Possession is voluntary "if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control."  *Id.* § 6.01(b) (Vernon 2011).

Evidence affirmatively linking the accused to contraband proves that he possessed it knowingly.  *See Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.—

3

Houston [1st Dist.] 2002, pet. ref'd) (citing *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).  Such evidence can be direct or circumstantial.  *Id.*  The evidence must establish that the accused's connection with the contraband was more than fortuitous.  *Gill v. State*, 57 S.W.3d 540, 544 (Tex. App.—Waco, no pet.) (citing *Brown*, 911 S.W.2d at 747).

If the firearm is not found in a place where the accused has exclusive possession, the State must show additional independent facts and circumstances that link the defendant to the firearm.  *See Corpus v. State*, 30 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).  The mere presence of the accused at a place where contraband is being used or possessed does not justify a finding of possession.  *Sutton v. State*, 328 S.W.3d 73, 81 (Tex. App.—Fort Worth 2010, no pet.) (citing *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006)).  Factors that may establish an affirmative link include whether:  (1) the contraband was in a place owned by the accused; (2) the accused was alone in the house; (3) the contraband was conveniently accessible to the accused; (4) the contraband was in plain view; (5) the contraband was found in an enclosed space; (6) the conduct of the accused indicated a consciousness of guilt; (7) the accused has a special relationship to the contraband; and (8) affirmative statements connect the accused to the contraband.  *See Sutton*, 328 S.W.3d at 77; *Gill*, 57 S.W.3d at 545; *Corpus*, 30 S.W.3d at 38.  The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense.  *Williams v. State*, 313 S.W.3d 393, 398 (Tex. App.—Houston [1st Dist.] 2009, pet ref'd) (citing *Evans*, 202 S.W.3d at 162).  The absence of certain links is not evidence of innocence to be weighed against the links present.  *Williams*, 313 S.W.3d at 398 (citing *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976).

Viewed in the light most favorable to the verdict, we conclude that a rational

trier of fact could have found beyond a reasonable doubt that appellant knowingly possessed the firearm. First, appellant had control over the residence — he paid rent and received mail at the address. Second, appellant was the only person inside the residence in which the firearm was found. Third, the firearm was fully loaded and recovered in an attic located directly above the hallway where appellant was apprehended by police. Finally, police discovered surveillance cameras monitoring the residence.

These facts support an inference that appellant possessed the rifle. Thus, the evidence is legally sufficient to prove that appellant knew of and exercised control over the rifle. *See James v. State*, 264 S.W.3d 215, 219-21 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (evidence was legally sufficient to support conviction for unlawful possession of a firearm even though no one saw appellant handle the gun). We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/      William J. Boyce
         Justice



Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).