

NUMBER 13-13-00607-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**COLE CANYON LOCKHART,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

**On appeal from the 424th District Court
of Llano County, Texas.**

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion on Remand by Justice Benavides**

This case is before us on partial remand. On September 17, 2015, this Court issued a memorandum opinion affirming appellant Cole Canyon Lockhart's convictions for unlawful possession of a firearm by a felon, a third-degree felony, *see* TEX. PENAL CODE ANN. § 46.04 (West, Westlaw through 2015 R.S.), enhanced by a prior felony conviction to a second-degree felony, *see id.* § 12.42(a) (West, Westlaw through 2015

R.S.); and possession of a controlled substance, a state jail felony, *see* TEX. HEALTH &

SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2015 R.S.).   *See Lockhart v.*

*State*, Nos. 13-13-00607-CR; 13-13-00608-CR, 2015 WL 5672617, at *6 (Tex.

App.—Corpus Christi Sept. 17, 2015).[1]

On June 8, 2016, the Texas Court of Criminal Appeals vacated our judgment only

as to Lockhart's unlawful possession of a firearm by a felon conviction and remanded the

case for us to address Lockhart's sufficiency-of-the-evidence challenge regarding his

conviction for unlawful possession of a firearm by a felon.   In all other respects, the

court of criminal appeals refused Lockhart's petition for discretionary review.   *See*

*Lockhart v. State*, Nos. PD-1467-15, PD-1468-15, 2016 WL 3349084, at *1 (Tex. Crim.

App. June 8, 2016).   After full consideration on remand, we affirm.

## I.   SUFFICIENCY CHALLENGE[2]

By one issue, Lockhart contends that the evidence is insufficient to sustain his

conviction for unlawful possession of a firearm by a felon.

## A.   Standard of Review and Applicable Law

In reviewing sufficiency of evidence to support a conviction, we consider all of the

evidence in the light most favorable to the verdict and determine whether, based on that

evidence and reasonable inferences therefrom, a rational fact finder could have found

the essential elements of the crime beyond a reasonable doubt.   *Winfrey v. State*, 393

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

[2] As this is a memorandum opinion on remand and the parties are familiar with the factual and procedural histories of this case.   We will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.1.   For a more detailed recitation of the factual and procedural backgrounds of this case, *see Lockhart v. State*, Nos. 13-13-00607-CR; 13-13-00608-CR, 2015 WL 5672617, at *6 (Tex. App.—Corpus Christi Sept. 17, 2015).

S.W.3d 763, 768 (Tex. Crim. App. 2013); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). In viewing the evidence in the light most favorable to the verdict, we defer to the fact-finder's credibility and weight determinations because the fact-finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899. It is unnecessary for every fact to point directly and independently to the guilt of the accused; it is enough if the finding of guilt is warranted by the cumulative force of all incriminating evidence. *Winfrey*, 393 S.W.3d at 768.

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the charging instrument, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Under a hypothetically correct jury charge, Lockhart is guilty of unlawful possession of a firearm if Lockhart: (1) has been convicted of a felony; and (2) possesses a firearm: (a) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (b) after the period described by subdivision (a), at any location other than the premises at which the person lives. *See* TEX. PENAL CODE ANN. § 46.04.

**B.     Discussion**

Lockhart solely argues that the State failed to establish an affirmative link between himself and the seized .22-caliber rifle from the cabin.   We disagree.

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.   *Id.* § 6.01(b).   If the firearm is not found on the defendant's person or not in his exclusive possession, the evidence must link him to the firearm through additional, independent facts or circumstances.   *See Williams v. State*, 313 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The evidence must establish that the defendant's connection with the contraband was more than fortuitous. *Id.*   In evaluating whether the evidence "links" a defendant to the firearm, courts consider a variety of factors including: whether the firearm was in plain view, whether appellant owned the residence where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements.   *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd).   No set formula of facts exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband.   *See id.*   Rather, it is the logical force of the factors and not the number of factors present that determines whether the elements of the offense have been established.   *Id.*

The record shows that Lockhart and Amanda Meager were the only individuals who had access to the location where police found the rifle while executing their search warrant. Once inside, police found an eyeglass prescription in Lockhart's name as well as parts of a chain saw that were located in a duffle bag located in close proximity to the rifle. Finally, Melvin Webb, an area rancher, testified that he was an acquaintance of Lockhart's. Webb told jurors that Lockhart occasionally chopped cedar for Webb. Further, Webb testified that Lockhart owned a bolt-action .22 rifle that he would store at Webb's house from time to time, until one day he took it, and Webb never saw it again.

After viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational fact finder could have found Lockhart guilty of unlawful possession of a firearm. *See Winfrey*, 393 S.W.3d at 768. We overrule his sole issue.

## II. CONCLUSION

We affirm the trial court's judgment as to appellate cause number 13-13-00607-CR.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
20th day of October, 2016.