

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00199-CR
_____

RODNIRICH LUKE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-411,657, Honorable John J. "Trey" McClendon III, Presiding

October 19, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Rodnirich Luke appeals from his conviction by jury of the offense of unlawful possession of a firearm[1] and the resulting court-imposed sentence of forty-five

---

[1] TEX. PENAL CODE ANN. § 46.04(a) (West 2018).

years of imprisonment.[2]  On appeal, appellant contends the evidence was insufficient to support his conviction.  We will affirm.

Background

Appellant's prosecution followed several vehicle burglaries that occurred within a ten-city-block area of Lubbock over a particular night in the fall of 2016.  The victims of the burglaries reported to police items stolen from their vehicles overnight.  During their investigation, police linked to the crimes a gold Hyundai Elantra with a dent on the back passenger-side bumper.  Officers saw appellant driving a car matching that description the day after the burglaries.  Officers attempted to stop appellant.  Two other men were also in the car.  One was seated in the front passenger seat and the other, in the back.  Appellant evaded police and then jumped out of the car while it was still in motion and ran.  Police detained and arrested appellant.  The other two men did not flee and also were arrested.

Among the items officers found in the Hyundai was an unloaded firearm, a Colt Delta Elite, belonging to Johnny Davis, one of the car-burglary victims.  The pistol was found in a laptop bag, along with a laptop computer, in the rear driver's side floorboard.  The laptop bag and computer belonged to another of the burglary victims.  Credit cards belonging to Davis were found in a Walmart bag in the driver's side floorboard.  The State also presented evidence, including surveillance videos from Walmart and other stores,

---

[2] This is a third-degree felony offense.  Appellant pled "true" to two enhancement provisions in the indictment, elevating his punishment to that of a first-degree felony.  TEX. PENAL CODE ANN. §§ 12.34; 12.42 (West 2018).

showing appellant purchased items using other credit cards stolen during the burglaries. Appellant made his first purchase with one of the stolen cards at 6:12 on the morning after the burglaries. The purchased items were also found in the Hyundai.

Analysis

From the background we have related, appellant was charged with unlawful possession of a firearm by a felon. In this Court, he challenges only the State's evidence supporting his knowing and intentional possession of the firearm found in the laptop bag in the Hyundai he was driving.

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*. 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Under that standard, a reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citations omitted).

The jury is the sole judge of the weight and credibility of the evidence and we presume the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). The jury is entitled to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person who has been convicted of a felony commits an offense of unlawful possession of a firearm if he possesses a firearm after conviction and before the fifth anniversary of his release from confinement following conviction of the felony or his release from supervision under community supervision, parole, or mandatory supervision, whichever date is later or, after the five-year period, at any location other than the premises at which the person lives. TEX. PENAL CODE ANN. § 46.04(a). "Possession means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39). A person commits a possession offense only if he voluntarily possesses the proscribed item. TEX. PENAL CODE ANN. § 6.01(a). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE ANN. § 6.01(b).

In cases involving unlawful possession of a firearm by a felon, we "analyze the sufficiency of the evidence under the rules adopted for determining the sufficiency of the evidence in cases of unlawful possession of a controlled substance." *Hodges v. State,* No. 05-16-00647-CR, 2017 Tex. App. LEXIS 5109, at *7 (Tex. App.—Dallas  June 1, 2017, pet. ref'd) (mem. op., not designated for publication) (citations omitted). Thus, the State must prove the accused exercised actual care, control, or custody of the firearm; he was conscious of his connection with it; and he possessed the firearm knowingly or intentionally. *Id.* (citation omitted). "Intent can be inferred from the acts, words, and conduct of the accused." *Jones v. State,* Nos. 03-17-00720-00721-CR, 2018 Tex. App. LEXIS 3869, at *14 (Tex. App.—Austin May 31, 2018, pet. ref'd) (mem. op., not designated for publication) (citation omitted). Direct or circumstantial evidence may be

4

used to prove possession but appellant's connection with the firearm must be more than "merely fortuitous." *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd).

The State was not required to show appellant had exclusive possession of the firearm because joint possession is sufficient to sustain a conviction. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986) (possession of controlled substance)). When there is no evidence the actor was in exclusive control of the place where the firearm was found, as was the situation here, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *Id.* (citing *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (involving possession of controlled substance)); *Grantham v. State*, 116 S.W.3d 136, 143 (Tex. App.—Tyler, pet. ref'd) (involving possession of firearms). "[E]vidence which affirmatively links [a defendant] to [the firearm] suffices for proof that he possessed it knowingly." *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Courts have identified several factors that may be considered to determine whether a defendant is sufficiently linked to a firearm found in a vehicle*. See James v. State,* 264 S.W.3d 215, 218-19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citations omitted); *Auvenshine v. State,* Nos. 07-15-00251-CR, 07-15-00253-CR, 07-15-00254-CR, 07-15-00255-CR, 2016 Tex. App. LEXIS 3392, at *11 (Tex. App.—Amarillo Mar. 31, 2016, no pet.) (mem. op., not designated for publication) (citations omitted) (both setting forth factors). No set formula of facts exists, however, to dictate a finding of links sufficient to support an inference of knowing possession of contraband. *Greer v. State,* 436 S.W.3d

1, 5 (Tex. App.—Waco 2014, no pet.) (citation omitted). It is the "logical force" of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *Evans v. State,* 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Favela v. State,* No. 03-12-00307-CR, 2013 Tex. App. LEXIS 5691, at *9 (Tex. App.—Austin May 8, 2013, pet. ref'd) (mem. op., not designated for publication) (citation omitted). And, "the absence of certain links is not evidence of innocence to be weighed against the links present." *Williams v. State,* 313 S.W.3d 393, 398 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Viewing the evidence in the light most favorable to the jury's verdict, and applying the requisite links analysis, we find the evidence sufficient. While the record contains no affirmative direct evidence that appellant was the person who stole Davis's pistol or that he was the person who placed the firearm in the laptop bag, the record does contain several significant facts linking him to the firearm and establishing he knowingly possessed it.

In a case we find helpful, the Court of Criminal Appeals evaluated the sufficiency of evidence the defendant possessed a firearm after guns were stolen in a home burglary. *Rollerson v. State,* 227 S.W.3d 718, 726-27 (Tex. Crim. App. 2007). He had been found in possession of coins stolen in the same burglary, and the court held that evidence, coupled with other evidence including the fact the stolen guns had been in a back room of his mother's house, was sufficient to sustain his conviction for stealing the guns during the same burglary, if only as a party. *Id.* at 727.

The court of appeals had held that the same evidence necessarily proved that he had "possessed a firearm at one point." The high court disagreed with that conclusion, stating, "In theory, it might be possible that [the defendant] never actually touched [a] handgun. If other persons in fact participated in the burglary of [the] home, it is possible that they, rather than [the defendant] handled the guns and carried [the] handgun to [the defendant's] mother's home and deposited it [there]." *Id.* at 727. The court concluded that the defendant's possible party liability to the theft of the firearm could not sustain his conviction for felon in possession of a firearm, "absent evidence that he knew of the existence of the firearm and exercised control over it." *Id.*

Continuing its analysis, the court stated, "While there is no affirmative evidence that appellant physically placed the guns in the back room of his mother's house, there is no affirmative evidence that any of the other possible suspects did either. And those guns were in appellant's mother's house, not the home of any other possible suspect." The court went on to hold that substantial circumstantial evidence affirmatively linked appellant to the stolen guns, sufficiently supporting a finding he knew of the existence of the firearms stolen from the home and exercised control over at least one of them. *Id.*

Although no burglary conviction is involved in the case before us, we find the court's analysis of the firearm possession charge in *Rollerson* instructive. As with the coins in *Rollerson*, the evidence here shows appellant in possession of Davis's credit cards stolen from the same car as the pistol. Someone removed the pistol from Davis's car and someone put it in the laptop bag taken from another car. Similar to the circumstance in *Rollerson*, it is possible in theory that one of appellant's comrades in the Hyundai, or some other person not present with them (we have no evidence how many

7

persons participated in the burglaries), handled the pistol without appellant's knowledge or control. And, favorable to appellant's argument here, the pistol when found was concealed in the laptop bag, allowing appellant to posit that he had no knowledge even of its presence in the bag. On the other hand, unfavorable to appellant's argument, the pistol was located in the car appellant was driving,[3] not at some other location like the back room of someone's home. And the laptop bag was located behind the driver's seat. But, we think most tellingly, the pistol was taken from Davis's car, along with Davis's credit cards. And it is appellant, not any other possible suspect, who had Davis's credit cards in a Walmart bag at his feet in the driver's side floorboard, and appellant, not any other possible suspect, who attempted to use Davis's card. We think the links connecting appellant with the pistol are at least as strong as those present in *Rollerson. See Favela,* 2013 Tex. App. LEXIS 5691, at *9-10 (finding that although there was another passenger in the car who might also have exercised control over the gun, appellant "had ready access to it.")

Lastly, we note appellant attempted to flee from police both by car and on foot, indicating consciousness of guilt. The two men in the car with appellant did not attempt to flee. Appellant led police on a foot pursuit that lasted nearly fifteen minutes. Police officers, and a trained K-9, searched for appellant through alleys, backyards, and storage sheds. Appellant was finally found under a travel trailer. *See Favela,* 2013 Tex. App. LEXIS 5691, at *9-10 (appellant attempted to flee, "indicating consciousness of guilt"). *See Smith v. State,* 118 S.W.3d 838, 843 (Tex. App.—Texarkana 2003, no pet.) (finding jury could have concluded defendant's flight from deputy indicated consciousness of

---

[3] Appellant did not own the car. It belonged to the mother of the front passenger.

guilt). Appellant argues he had more than one reason to flee, specifically his possession and use of the stolen credit cards. But the finder of fact was free to consider the evidence of flight as a consciousness of guilt in determining the sufficiency of the evidence to support the offense for which appellant was convicted, not some other offense. *Clayton v. State,* 235 S.W.3d 772, 780 (Tex. Crim. App. 2007).

Appellant also argues the State did not show any attempt to find fingerprints on Davis's vehicle or the gun even though the State's first witness testified about fingerprints. The law does not require that the State present fingerprint evidence to support a conviction. *See, e.g., Pena v. State,* 441 S.W.3d 635, 641-42 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Appellant also cites *Young v. State,* 752 S.W.2d 137, 141 (Tex. App.—Dallas 1988, pet. ref'd) in which the court concluded the cumulative force of all of the incriminating circumstances excluded every other reasonable hypothesis. The State did not have the burden to exclude every reasonable hypothesis other than appellant's guilt. *Geesa v. State,* 820 S.W.2d 154, 159-61 (Tex. Crim. App. 1991), *overruled in part on other grounds, Paulson v. State,* 28 S.W.3d 570 (Tex. Crim. App. 2000). The "link between the defendant and the contraband need not be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt." *Nwaogu v. State,* Nos. 01-11-00597-CR, 01-11-00598-CR, 2013 Tex. App. LEXIS 4588, at *21 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, pet. ref'd) (citing *Brown*, 911 S.W.2d at 747). For those reasons, we do not agree with appellant's contentions.

Based on the evidence before it, we find the jury could have determined beyond a reasonable doubt that appellant intentionally and knowingly possessed the firearm found in the car he was driving.

We overrule appellant's issue.

## Conclusion

Having resolved appellant's sole issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.